## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

CHRISTOPHER DEVOTO,            )
                              )
                Petitioner,    )
                              )
        v.                     )            No. 4:13CV247 SPM
                              )
DEAN MINOR,                    )
                              )
                Respondent.    )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition appears to be barred by § 2244's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

### Background

On June 10, 2008, petitioner was sentenced to two concurrent ten-year sentences for Missouri's long-term drug treatment program.  Pet. Exh. A-1 at 1 (Findings and Fact and Conclusions of Law of the Circuit Court of Jefferson County, denying petitioner's Rule 24.035 motion).  Movant was delivered into the custody of the Missouri Department of Corrections on June 12, 2008.  Id. at A-4.  On September 2, 2009, the court gave petitioner probation and suspended the execution of the sentences.  Id. at A-1 at 1.  On November 30, 2010, petitioner confessed to a violation

of probation, and the court revoked petitioner's probation and executed the sentences. Id.

Petitioner filed his motion for postconviction relief under Rule 24.035 on December 28, 2010.  Id.  The state immediately filed a motion to dismiss the motion as untimely.  Id.  The state argued Rule 24.035 requires that, in cases where no appeal is taken, the motion "be filed within 180 days of the date the person is delivered to the custody of the department of corrections."  Mo. Rule 24.035(b); Pet. Exh. A-4. The court agreed, finding that "the movant filed his post conviction relief motion well after the 180 days from his delivery to the custody of the Missouri Department of Corrections."  Pet. Exh. A-1 at 1.  The court further found that petitioner's "failure to file a timely post conviction relief motion pursuant to Supreme Court Rule 24.035 constitutes a complete waiver of any right to proceed under Supreme Court Rule 24.035 and also any claim that could be raised under Supreme Court Rule 24.035. Id. at 1-2.  The court accordingly dismissed petitioner's motion as untimely.  Id. at 2.

On July 25, 2001, petitioner filed a Rule 91 habeas petition in the Circuit Court for the County of St. Louis.  Devoto v. Sacshse, 11SL-CC03251 (21st Jud. Cir.).  The court dismissed the petition as without merit on December 28, 2011.

Petitioner filed the instant motion under 28 U.S.C. § 2254 on February 1, 2013, which is the date he placed it in the prison mail system.

**Standard**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A petition denied by a state court as untimely is not "properly filed" for purposes of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).

**Discussion**

Petitioner did not appeal from his sentence. In Missouri, the time for filing a direct appeal expires ten days after the judgment is entered. Mo. R. Crim. P. 30.01(d). As a result, the limitations period began to run on June 20, 2008.

Because the Jefferson County Circuit Court denied petitioner's Rule 24.035 motion as untimely, the motion did not toll the limitations period during its pendency. The limitations period, therefore, expired on June 20, 2009, well before petitioner filed the instant petition for writ of habeas corpus.

The Court will allow petitioner to show cause why his petition should not be dismissed as untimely.  Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).  Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case."  Id. at 2563.  Petitioner shall have thirty days from the date of this Order to file a response brief.  If petitioner fails to timely file a response, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, no later than thirty (30) days from the date of this Order, why this action should not be dismissed as untimely.

-4-

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this

Order, this action may be dismissed.

Dated this  __27th__  day of March, 2013.


/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE